IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA PENATZER, | Civil Action |
| Plaintiff, | No. 3:21-cv-188 |
| v. | |
| CONEMAUGH MEMORIAL MEDICAL CENTER, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, by undersigned counsel files this Civil Complaint and alleges the following:

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 107 of the Americans with Disabilities Act, 42 U.S.C. §12117(a), incorporating by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5; and 28 U.S.C. §§ 1331 and 1343(a)(4) and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in the Americans with Disabilities Act in that:

   a. Plaintiff filed a timely written charge of disability discrimination with the Equal Opportunity Employment Commission ("EEOC") on December 15, 2020 and second charge of retaliation and disability discrimination with the EEOC on August 9, 2021. Both charges were also cross filed with the Pennsylvania Human Relations Commission;

   b. Plaintiff received a Notice of Right to Sue from the EEOC dated September 24, 2021 and September 27, 2021; and

   c. This action was filed with this Court within 90 days of receipt of that Notice.

### II. The Parties

3. Plaintiff, Linda Penatzer, is an adult individual who resides at 111 Curtis Drive,

1

Johnstown, PA 15904.

4. Defendant Conemaugh Health System is a corporation with a place of business at 315 Locust Street, Johnstown, PA 15901.

5. Defendant is a covered entity within the meaning of the ADA, 42 U.S.C. §12111(2) and (5)(A) because it is an employer engaged in industry affecting commerce and has more than 15 persons employed for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

### III. Factual Background

6. Penatzer was hired by Defendant as an Office Coordinator on September 6, 2011.

7. She primarily worked as a referral clerk contacting patients to set up appointments and communicating with physician's offices along with other clerical duties including referrals, registrations and discharges.

8. Rated GE "Greater than Effective" on her performance evaluation, Penatzer is a high-performing employee with no documented performance issues.

9. Penatzer suffers from claustrophia, asthma, anxiety and panic attacks, which limits major life functions, including breathing.

10. On Friday, April 3, 2020, Penatzer's supervisor advised, as a result of the Covid-19 facility-wide mask mandate, that any employees who were unable to wear a mask should be evaluated by Medwell.

11. Penatzer is unable to wear a face covering for extended period of time due to her medical conditions, but is able perform her essential job duties as a referral clerk remotely or in a private office with minimal-to-no contact with other individuals.

12. Due to illness, Penatzer was tested for influenza, strep throat and Covid-19 over the

weekend and was instructed by her supervisor not to return to work until she had the results of the Covid-19 test.

13. On Wednesday, April 8, 2020, while waiting for the test results, Penatzer was furloughed.

14. Penatzer believes that she was chosen for furlough because her disability restricts her from wearing a mask at work.

15. On June 20, 2020, Penatzer was informed by her supervisor that she could return to work.

16. However, upon her return to work, Penatzer learned that the referral clerk position she previously held had been given to another employee.

17. Penatzer was instead placed into a receptionist position that required her to be face to face with patients and other employees.

18. As a result of her inability to wear a mask due to her disability, Defendant laid off Penatzer and placed her on unpaid leave status on July 10, 2020.

19. Penatzer's previous position as referral clerk was and is able to be done remotely.

20. On December 15, 2020, Penatzer filed a charge of disability discrimination with the EEOC.

21. Penatzer was removed from unpaid leave status and terminated on March 21, 2021.

## Count I:
## Americans with Disabilities Act: Discrimination and Failure to Accommodate

22. Plaintiff incorporates by reference the allegations in paragraphs 1 through 21 as if fully restated herein.

23. As described above, Penatzer is disabled within the meaning of the ADA, because

she is substantially limited in performing the major life activity of breathing; Defendant perceived her as having such impairments; and she has a record of such impairments.

24. Plaintiff was qualified for the referral clerk position and could perform all essential functions of the position with or without reasonable accommodations. Thus, Plaintiff was a qualified individual with a disability under 42 U.S.C. § 12111(8).

25. Defendant removed Penatzer from her referral clerk position and then discharged Penatzer because of her disabilities, in violation of 42 U.S.C. § 12112(a).

26. Defendant also refused to make reasonable accommodations for Penatzer's known disabilities in violation of 42 U.S.C. § 12112(b)(5)(A)-(B).

27. Defendant's violation of the Americans with Disabilities Act was intentional and done with reckless disregard of Penatzer's federally protected right to be free of discrimination on the basis of her disabilities.

28. As a direct and proximate result of Defendant's discharge of Penatzer, as well as Defendant's failure to accommodate her disabilities, Penatzer has suffered and continues to suffer damages, including, but not limited to:

    a. Lost wages and benefits;

    b. Emotional distress, anxiety, humiliation and inconvenience;

    c. Costs and expenses of litigation; and

    d. Attorney's fees.

WHEREFORE, Penatzer demands judgment against Defendant for its violation of the Americans with Disabilities Act as follows:

    a. That the Court enter a Judgment Order declaring Defendant's actions to be unlawful and in violation of the ADA;

    b. Back pay and benefits from April 8, 2020, until the time of trial, with

      interest;

c. That Defendant be ordered to reinstate Plaintiff into the position she held on April 8, 2020, and provide her with accumulated seniority, fringe benefits, and all other associated rights or front pay;

d. Compensatory damages for her emotional distress, anxiety, humiliation and inconvenience;

e. Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

f. Reasonable attorney's fees and costs and expenses of litigation; and

g. Such other legal and equitable relief as the Court deems just and proper.

## Count II:
## Americans with Disabilities Act: Retaliation

29. Plaintiff incorporates by reference the allegations in paragraphs 1 through 28 as if fully restated herein.

30. As described above, Plaintiff is disabled within the meaning of the ADA; Defendant perceived her as having such an impairment; and she has a record of such an impairment.

31. Defendant discharged Penatzer in retaliation for requesting a reasonable accommodation under the ADA and/or because she filed a charge of discrimination alleging disability discrimination, in violation of 42 U.S.C. § 12203(a).

32. Defendant's discharge of Penatzer was undertaken with malice or reckless indifference to her federally protected right not to be retaliated against for requesting a reasonable accommodation.

33. As a direct and proximate result of Defendant's discharge of Penatzer has suffered and continues to suffer damages, including, but not limited to:

a. Lost wages and benefits;

    b.      Emotional distress, anxiety, humiliation and inconvenience;

    c.      Costs and expenses of litigation; and

    d.      Attorney's fees.

WHEREFORE, Penatzer demands judgment against Defendant for its violation of the Americans with Disabilities Act as follows:

    a.      That the Court enter a Judgment Order declaring Defendant's actions to be unlawful and in violation of the ADA;

    b.      Back pay and benefits from April 8, 2020, until the time of trial, with interest;

    c.      That Defendant be ordered to reinstate Plaintiff into the position she held on April 8, 2020, and provide her with accumulated seniority, fringe benefits, and all other associated rights or front pay;

    d.      Compensatory damages for his emotional distress, anxiety, humiliation and inconvenience;

    e.      Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

    f.      Reasonable attorney's fees and costs and expenses of litigation; and

    g.      Such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

**Edgar Snyder & Associates**

/s/ John E. Black, III
John E. Black, III
PA I.D. No. 83727
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 394-4446
Facsimile: (412) 391-2180
jblack@edgarsnyder.com

Attorney for Plaintiff